STATE OF NORTH CAROLINA v. EDWIN BRENT WARRICK

No. 8712SC311

(Filed 3 November 1987)

Criminal Law § 138.29 — perjury shown by jury verdict — improper aggravating factor

    The trial court erred in finding as an aggravating factor that "the jury by its verdict found that the defendant committed perjury" since a verdict of guilty does not *ipso facto* mean that a testifying defendant committed perjury, and a finding that the jury has determined a fact is not a finding that the trial judge has made the same determination from a preponderance of the evidence as N.C.G.S. § 15A-1340.4(a) requires.

APPEAL by defendant from *Hight, Judge.* Judgment entered 19 November 1986 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 25 September 1987.

*Attorney General Thornburg, by Associate Attorney General Gerald M. Swartzberg, for the State.*

*Russ, Worth & Cheatwood, by Jerome P. Trehy, Jr., for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of breaking and entering a building occupied by a pawn shop business, a Class H felony in violation of G.S. 14-54, the presumptive term for which is three years. G.S. 15A-1340.4. The only question raised by defendant's appeal is the validity of the probationary ten-year prison sentence that was imposed. The validity of the sentence depends upon the validity of a non-statutory factor in aggravation—that "[t]he jury by its verdict found that the defendant committed perjury"—which the court found and deemed to outweigh two factors found in mitigation.

A finding of perjury by the defendant as an aggravating factor is not forbidden by the Fair Sentencing Act, and can be properly made if "the finding meets the requirements of the statute," so our Supreme Court held in *State v. Thompson*, 310 N.C. 209, 227, 311 S.E. 2d 866, 876 (1984). The requirements of the statute for finding a factor in aggravation are that the *judge* find that the factor is "proved by the preponderance of the evidence," and that the factor be "reasonably related to the purposes of sentencing." G.S. 15A-1340.4(a). In this case the court's finding in aggravation does not meet the requirements of the statute and a recital of the State's evidence and of defendant's testimony that conflicted with it would serve no purpose. For the judge did not find from a preponderance of the evidence that the defendant committed perjury in testifying in his own defense; instead he found from a preponderance of the evidence *that the jury by its verdict had found* that the defendant committed perjury. Even if the jury verdict could be so construed, and we do not believe that it can, a finding for sentencing purposes that the jury has determined a fact is not a finding that the judge has made the same determination, as the statute requires. As Judge Butzner noted in *United States v. Moore*, 484 F. 2d 1284 (4th Cir. 1973), a verdict of guilty means only that guilt has been proved beyond a reasonable doubt; it does not *ipso facto* mean that a testifying defendant committed perjury. Too, though proper findings of perjury by a testifying defendant are permissible, in *State v. Thompson, supra,* our Supreme Court took pains not to encourage such findings; and to equate a jury verdict of guilty of breaking or entering with a finding of perjury by a testifying defendant would be such encourage-

ment. Thus, the judgment appealed from must be vacated and the matter remanded to the trial court for resentencing.

Vacated and remanded.

Judges COZORT and GREENE concur.